**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Rachael E. Dioguardi, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
--------------------------------------------------------x

In re:

AGAPE WORLD, INC.,
AGAPE MERCHANT ADVANCE LLC,
AGAPE COMMUNITY LLC, AGAPE
CONSTRUCTION MANAGEMENT LLC,
AGAPE WORLD BRIDGES LLC, AND
114 PARKWAY DRIVE SOUTH LLC,

                    Debtors.
--------------------------------------------------------x

Chapter 7
Case No. 09-70660 (DTE)
Substantively Consolidated

**TRUSTEE'S MOTION UNDER BANKRUPTCY CODE §363 SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF THE DEBTORS' REAL PROPERTY, LOCATED AT, AND KNOWN AS, 114 PARKWAY DRIVE, SOUTH, HAUPPAUGE, NEW YORK, FREE AND CLEAR OF ALL LIEN, CLAIMS AND ENCUMBRANCES, TO COASTAL SPORTS LLC, SUBJECT TO HIGHER OR BETTER OFFERS TENDERED AT A PUBLIC AUCTION; (II) APPROVING THE TERMS AND CONDITIONS AND NOTICE OF SALE AND (II) APPROVING PAYMENT OF AN EXPENSE REIMBURSEMENT TO COASTAL SPORTS LLC IN THE EVENT IT IS NOT THE SUCCESSFUL BIDDER AT THE AUCTION**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the substantively consolidated estate of Agape World, Inc., *et. al.*, by his counsel, SilvermanAcampora LLP, seeks the entry of the annexed order (i) authorizing the sale of the Debtors' real property located at, and known as, 114 Parkway Drive South, Hauppauge, New York, free and clear of all liens, claims and encumbrances and security interests of record of whatever kind or nature (the "Liens") with such Liens, if any, to attach to the proceeds of such sale in the validity, extent and priority as they presently exist, to Coastal Sports LLC for $3,000,000, subject to higher or better offers tendered at a public auction currently scheduled for June 4, 2009; (ii) approving the Terms and Conditions of Sale, and (iii) approving payment of an expense reimbursement to Coastal Sports LLC in the event it is not the successful bidder at the auction, and such other and further relief as this Court deems

just and proper (the "Application"), and respectfully represents as follows:

## **BACKGROUND**

2.      On February 5, 2009 (the "Filing Date"), an involuntary petition was filed against Agape World, Inc. ("AWI"), in accordance with chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

3.      On February 12, 2009, the Court granted the motion of petitioning creditors and directed the United States Trustee to appoint an interim trustee.  By Notice of Appointment, Kenneth P. Silverman, Esq., was appointed the interim Trustee of the AWI estate.

4.      On March 4, 2009, the Court issued an Order for relief in the AWI chapter 7 case.

5.      On April 14, 2009, the Court entered an Order substantively consolidating Agape Merchant Advance LLC, Agape Community LLC, Agape World Bridges LLC, Agape Construction Management LLC and 114 Parkway Drive South LLC, affiliated entities of AWI (together, with AWI, the "Debtors"), into the AWI estate.

6.      On April 30, 2009, the Trustee duly qualified as, and is now, the permanent trustee in this case.

7.      This Court has jurisdiction to hear this Application under 28 U.S.C. §§157(a) and 1334, and Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O). The statutory predicate for the relief sought herein is Bankruptcy Code sections 105, 363(b) and (f), and 365(a), (b), and (f), and Federal Rules of Bankruptcy Procedure 2002 and 6004.

8.      A review of the Debtors' books and records reveals that in March 2008, 114 Parkway Drive South LLC purchased the real property located at, and known as, 114 Parkway Drive South, Hauppauge, New York (the "Real Property"), and a review of the real property records for Suffolk County, New York, where the Real Property is located, reveals there are no existing mortgages on

RED/D283411v/F056601

the Real Property.

9. Upon information and belief, mechanic's liens in the total sum of approximately $81,700.00[1] have been filed against the Real Property.

10. Additionally, upon information and belief, the Real Property is the largest indoor sports facility on Long Island and that prior to the Filing Date, the Debtors had made substantial capital improvements to the Real Property.

11. On March 30, 2009, David R. Maltz & Co., Inc. ("Maltz") began marketing the Real Property.

12. On April 28, 2009, the Court entered an Order approving the Trustee's retention of Maltz, as a broker to market and sell the Real Property,

13. As of April 28, 2009, 6,316 creditors were served with Notice of the Trustee's Intended Sale of the Real Property, pursuant to Bankruptcy Code §363, free and clear of all liens, claims and encumbrances, and subject to higher and better offers (the "Notice"). Additional Notices are being mailed on an on-going basis as the Trustee becomes aware of additional potential creditors of the estate or interested parties.

14. Objections to the Trustee's intended sale of the Real Property were due on May 12, 2009. No objections were filed with the Court or received by the Trustee or his counsel.

15. The sale of the Real Property is scheduled for June 4, 2009 at 11:00 a.m. (the "Sale").

**THE TERMS AND CONDITIONS OF SALE**

16. On or about May 12, 2009, the Trustee received a bid of $3,000,000.00 for the purchase of the Real Property, from Coastal Sports LLC ("Coastal"), with a request that Coastal

RED/D283411v/F056601

receive a reimbursement of $35,000 for its expenses (the "Expense Reimbursement"), in the event the Real Property is sold to a bidder other than Coastal.

17.     On May 12, 2009, the Trustee and Coastal Sports executed Terms and Conditions of Sale ("Terms and Conditions"). The pertinent terms of the Terms and Conditions are: (i) upon execution of the Terms and Conditions, Coastal tender a partial good faith deposit to the Trustee in the sum of $250,000.00[2,] (ii) the Trustee shall seek Bankruptcy Court approval with respect to the Expense Reimbursement as soon as reasonably practicable following the execution of the Terms and Conditions, but prior to the Sale, and (iii) the opening bid at the Sale will be $3,100,000.00 (the ("Minimum Opening Bid"). A copy of the Terms and Conditions is annexed hereto as **Exhibit A**.

18.     The Trustee believes the bid submitted by Coastal provides a significant floor price for the Real Property and will likely result in higher and better offers for the Real Property at Sale, thereby providing an additional benefit to the Debtors' estate. Coastal seeks reimbursement of its expenses related to its due diligence in offering its bid. Moreover, the Expense Reimbursement represents less than 1.2% of the Minimum Opening Bid. Therefore, the Trustee believes that believes that the Expense Reimbursement is appropriate.

### STATUTORY PREDICATES FOR THE REQUESTED RELIEF

19.     This Application is brought in accordance with 11 U.S.C. §§363(b), (d) and (f), (i) authorizing the Sale of the Real Property, free and clear of all Liens, with such Liens, if any, to attach to the proceeds of such sale in the validity, extent and priority as they presently exist , (ii) approving the Terms and Conditions of Sale with Coastal Sports, LLC, and (iii) approving payment of an expense reimbursement to Coastal Sports, LLC.

---

[1] On January 27, 2009, Maccarone Plumbing, Inc., filed a Notice of Mechanic's Lien with the Suffolk County Clerk in the amount of $16,150.00. On January 29, 2009, The Landtek Group, Inc., filed a Mechanic's Lien with the Suffolk County Clerk in the amount of $30,915.37. On February 7, 2009, Indoor Courts of America, Inc. filed a Mechanic's Lien with the Suffolk County Clerk in the amount of $34,610.64 (collectively, the "Mechanics' Liens"). Nothing contained herein can or shall be construed as an admission or acknowledgement of the validity, priority, or scope of any and all of the Mechanics' Liens, and the Trustee reserves any and all of the Debtors' defenses to and claims against the Mechanics' Liens.

[2] Coastal has tendered the $250,000.00 partial good faith deposit to the Trustee.

RED/D283411v/F056601

20.     Bankruptcy Code §363(b) and Rule 6004 govern the sale of assets outside of the ordinary course of a Debtor's business.  Bankruptcy Code §363(b)(1) and Rule 6004 require notice and an opportunity to be heard regarding a proposed sale.  Pursuant to Rule 6004(a) and (c) and 2002(a)(2), Notice of the Sale was provided to all known creditors and parties in interest as well as parties likely interested in bidding on the Real Property.

21.     Additionally, a copy of this Application and proposed order approving this Application was served upon (i) the Office of the United States Trustee, (ii) the former principal of the Debtor, (iii) criminal counsel to the former principal of the Debtor, (iv) Coastal Sports, LLC, (v) counsel to Coastal Sports, LLC, (vi) the holders of the Mechanic's Liens, (vii) counsel, if known, to the holders of the Mechanic's Liens, (viii) all parties having filed a Notice of Appearance in this case, (ix) and has been posted on the Trustee's website, agapeworldbankruptcy.com, of which all known creditors have received notice.

22.     Bankruptcy Code §363(f) provides, in pertinent part, that "the trustee may sell property… free and clear of any interest in such property of an entity other than the estate, only if: (3) "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property."  In this case, the value of the Real Property is no less than $2,900,000 more than the value of the alleged liens against the Real Property. Thus, the value of the property to be sold is greater than the aggregate value of the liens.

23.     Approval of expense reimbursements as a form of bidder protection in connection with a sale of assets pursuant to section 363 of the Bankruptcy Code has become a recognized practice in chapter 7 cases because it enables a trustee to ensure a sale to a contractually committed buyer at a price that the trustee believes is fair, while providing the trustee with the potential of obtaining an enhanced recovery through an auction process. See e.g., In re Bally Total Fitness of Greater New York, Inc., Case No. 07-12395(BRL) (Bankr. S.D.N.Y. Aug. 21, 2007) [Docket No. 280] (approving expense reimbursement); Integrated Res., 147 B.R. 650 (same); In re Twinlab Corp., et al., Case No. 03-15564 (CB) [Docket No. 89] (Bankr. S.D.N.Y. 2003) (same); In re

RED/D283411v/F056601

Adelphia Business Solutions, Inc. et al., Case No. 02-11389 (REG) (Bankr. S.D.N.Y. 2002) [Docket No. 760] (same). In re: Nuceutrix Broadband Network, Inc., et al., Case No. 03-39123-HDH-11 [Docket No. 187] (Bankr. N.D. Tex. 2003). Bankruptcy courts have approved bidding incentives similar to the Expense Reimbursement under the "business judgment rule," pursuant to which courts typically grant deference to the actions of a corporation's board of directors taken in good faith and in the exercise of sound business judgment.

24.     Here, the Expense Reimbursement meets the "business judgment rule" standard. The Expense Reimbursement is fair and reasonable in amount. Moreover, the Expense Reimbursement will enable the Trustee to secure Coastal's bid, which will set an adequate floor for the Sale and, thus, insist that competing bids be materially higher or otherwise better than Coastal's bid, a clear benefit to the Debtors' estates. Accordingly, the Trustee should be authorized to offer the Expense Reimbursement as the Trustee deems necessary in his business judgment.

25.     Based upon the foregoing the Trustee believes that he has satisfied all of the requirements of Bankruptcy Code §363 in connection with the Sale of the Real Property. Accordingly, the Trustee requests that the Court authorize the sale of the Real Property and approve the Terms and Conditions with Coastal Sports, LLC and Expense Reimbursement, without need of further notice.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the annexed order, (i) authorizing the Sale of the Real Property, free and clear of all Liens, if any, to attach to the proceeds of such sale in the validity, extent and priority as they presently exist, (ii) approving the Terms and Conditions of Sale with Coastal Sports, LLC, and (iii) approving payment of an expense reimbursement to Coastal Sports, LLC, and such other and further relief as this Court deems just and proper.

Dated:  Jericho, New York
         May 15, 2009

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee

RED/D283411v/F056601

By:	_s/ Ronald J. Friedman_
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

RED/D283411v/F056601