SILVERMANACAMPORA LLP
Counsel to Kenneth P. Silverman, Esq.,
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Jay S. Hellman, Esq.
David J. Mahoney, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
---------------------------------------------------------------x
In re:

AGAPE WORLD, INC., *et al.*

                        Debtors.
---------------------------------------------------------------x

Chapter 7
Case No. 09-70660 (DTE)
Substantively Consolidated

### TRUSTEE'S APPLICATION UNDER
### FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR
### AN ORDER DIRECTING THE EXAMINATION OF AND
### PRODUCTION OF DOCUMENTS BY HAROLD GODSIL

**To:**   Honorable Dorothy T. Eisenberg
       United States Bankruptcy Judge

      Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the substantively consolidated estate of Agape World, Inc., Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC (collectively, the "Debtors"), by his counsel, SilvermanAcampora LLP, respectfully sets forth and represents as follows:

      1.     The Trustee respectfully requests that this Court enter an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules") authorizing and directing the examination of Harold Godsil (the "Witness"), and the production and turn over by the Witness of all documents more particularly set forth in this Application. Copies of the proposed Order and Subpoena are collectively annexed hereto as **Exhibit "A"**.

### BACKGROUND

      2.     On February 5, 2009 (the "Petition Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against

Agape World, Inc., in the United States Bankruptcy Court for the Eastern District of New York.

3. On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

4. On February 12, 2009, this Court granted the Petitioning Creditors' motion and entered an order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the Agape World, Inc. case.

5. On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim trustee in the Agape World Inc. case, and has since duly qualified as is now the permanent Trustee in the Debtors' substantively consolidated case.

6. On March 4, 2009, the Court issued an Order for relief in the Agape World, Inc. chapter 7 case.

7. On April 14, 2009, the Court issued an Order substantively consolidating Agape World, Inc., Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC.

8. The Trustee has had the opportunity to review certain documents filed with the United States District Court for the Eastern District of New York, including the application of the United States Commodity Futures Trading Commission (the "CFTC") for an *ex-parte* statutory restraining order and order to show cause for a preliminary injunction against the Debtor, among others, as well as the affidavit of United States Postal Inspector Richard Cinnamo ("Cinnamo") in support of arrest and search warrants (the "USPIS Affidavit") for the Debtors' former principal, Nicholas Cosmo ("Cosmo").

9. In addition, the Trustee, through his retained counsel and forensic professionals, has conducted an investigation into the Debtors' financial affairs, which investigation is continuing, and has obtained and reviewed the Debtors' QuickBooks and bank account information. The information reviewed indicates that the Witness received substantial sums of money from the

Debtors, and the Trustee believes that further information and testimony is required to properly investigate those transfers.

## FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

10. Federal Rule of Bankruptcy Procedure 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity" with regard to the "acts, conduct, or property or to the liabilities and financial condition of the debtors, or to any matter which may affect the administration of the debtors' estate..."

11. In this case, the examination of the Witness is essential to the Trustee's investigation and possible recovery of assets of the Debtors' estate. In light of the Trustee's review of the CFTC application, the USPIS Affidavit, and the Debtors' books and records, an examination of the nature and extent of the transfers made to the Witness, and the reasons therefor, is critical.

12. Similarly, the production of the documents requested below is essential to the thorough investigation of the existence of potential claims for relief, and to the proper, effective and efficient administration of the Debtors' estate.

## THE REQUESTED DOCUMENTS

13. Accordingly, the documents sought by the Trustee in connection with this Application, without prejudice to supplement his request, are as follows:

   a. copies of all documents pertaining to the Debtors or Cosmo, including but not limited to copies of checks, wire transfers, account statements, invoices, bills of lading, delivery tickets, correspondence (including e-mail correspondence), contracts, loan agreements, etc., whether maintained in the form of paper records, electronic format, or otherwise; and

   b. copies of any and all other books and records that refer, relate to, or otherwise concern the Debtors or Cosmo.

14. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order granting Trustee's Application Under Federal Rule of Bankruptcy Procedure 2004 Directing the Witness'

Examination and Production of Documents, and such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
July 27, 2009

By: _____

**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee

Jay S. Hellman, Esq.
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-----------------------------------------------------------------x
In re:                                              Chapter 7
                                                    Case No. 09-70660 (DTE)
AGAPE WORLD, INC., *et al.*,                        Substantively Consolidated

                Debtors.
-----------------------------------------------------------------x

### ORDER DIRECTING THE EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY HAROLD GODSIL, UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the application (the "Application") of Kenneth P. Silverman, Esq., the Chapter 7 trustee (the "Trustee") of the substantively consolidated bankruptcy estate of Agape World, Inc., *et al.* (the "Debtors"), by his counsel, SilvermanAcampora LLP, seeking the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") authorizing and directing the examination of and production and turn over of documents by Triton Capital Partners LLC and Triton Mezzanine Fund LP (the "Witness"), as more particularly set forth in this Order and the Application, and sufficient cause appearing therefor, and it appearing that entry of this Order is in the best interests of the Debtors' estate, and no adverse interest appearing; it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the Application is hereby approved; and it is further

**ORDERED**, that the Witness is directed to appear for examination at the offices of SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, on fourteen (14) days written notice and that SilvermanAcampora LLP is authorized to issue a subpoena, substantially in the form as that annexed to the Application as **Exhibit "A"**, and that this Order and document production request shall accompany the service of the subpoena upon the Witness; and it is further

**ORDERED**, that the examination of the Witness is to continue from day to day until

completed; and it is further

**ORDERED**, that the Witness is directed to produce for examination and inspection, at the offices of SilvermanAcampora LLP, at least ten (10) days prior to the scheduled examination as set forth in the subpoena, the following documents:

a. copies of all documents pertaining to the Debtors or Nicholas Cosmo, including but not limited to copies of checks, wire transfers, account statements, invoices, bills of lading, delivery tickets, correspondence (including e-mail correspondence), contracts, loan agreements, etc., whether maintained in the form of paper records, electronic format, or otherwise; and

b. copies of any and all other books and records that refer, relate to, or otherwise concern the Debtors or Nicholas Cosmo.

**ORDERED,** that service of a copy of this Order and the subpoena upon the Witness at the Witness' last known address at 315 East Shore Drive, Massapequa, New York, 11758, by Federal Express, be deemed good and sufficient notice and service of this Order and subpoena; and it is further

**ORDERED**, that the Trustee is authorized and approved to do such things, execute such documents, and expend such funds as may be necessary and consistent with this Order.

Dated: Central Islip, New York
       July___, 2009

                              HONORABLE DOROTHY T. EISENBERG
                              United States Bankruptcy Judge

# United States Bankruptcy Court

## EASTERN DISTRICT OF NEW YORK

| In re:<br><br>AGAPE WORLD, INC., *et al.*,<br><br>Debtors.<br><br>To: Harold Godsil<br>315 East Shore Drive<br>Massapequa, New York 11758 | SUBPOENA FOR RULE 2004 EXAMINATION AND DOCUMENT PRODUCTION<br><br>Chapter 7<br>Case No. 09-70660 (DTE)<br>Substantively Consolidated |
|---|---|

☒ **YOU ARE COMMANDED** to appear pursuant to a court order issued under Fed. R. Bankr. P. 2004, at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br>SILVERMANACAMPORA LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300 | DATE AND TIME<br><br>August __, 2009<br>12:00 p.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents specified in the Order annexed hereto, dated July __, 2009.

| PLACE<br>SILVERMANACAMPORA LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300 | DATE AND TIME<br><br>August __, 2009<br>4:00 p.m. |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>July __, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony C. Acampora, Esq.
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

Form 254 -- Subpoena for Rule 2004 Examination (12/06)

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____           _____
DATE                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Fed. R. Civ. P., Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) *Avoiding Undue burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person— except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires;
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in a dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) Duties in Responding to a Subpoena;
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitation of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).