**S**ILVERMAN**A**CAMPORA **LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman, Esq.
Jay S. Hellman, Esq.
David J. Mahoney, Esq.
Wade C. Wilkinson, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP

------------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>AGAPE WORLD, INC.,<br>AGAPE MERCHANT ADVANCE LLC,<br>AGAPE COMMUNITY LLC, AGAPE<br>CONSTRUCTION MANAGEMENT LLC,<br>AGAPE WORLD BRIDGES LLC, AND<br>114 PARKWAY DRIVE SOUTH LLC,<br><br>                               Debtors. | Chapter 7<br>Case No. 09-70660 (DTE)<br>Substantively Consolidated |

------------------------------------------------------------------x

| | |
|---|---|
| KENNETH P. SILVERMAN, ESQ., as<br>Chapter 7 Trustee of Agape World, Inc., *et al.*<br><br>                              Plaintiff,<br><br>   -against-<br><br>DENNIS TAUSSIG,<br><br>                              Defendant. | Adv. Pro. No. 11-_____ (DTE) |

------------------------------------------------------------------x

## COMPLAINT

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee" of "Plaintiff") of the substantively consolidated bankruptcy estate of Agape World, Inc., *et al.* ("Agape" or the "Debtor"), by his attorneys, SilvermanAcampora LLP, complaining of defendant Dennis Taussig (the "Defendant") alleges as follows:

### Nature of the Action

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §§105, 502, 544, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-a,

and New York common law to set aside and recover transfers made by the substantively consolidated debtors to Defendant.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§105(a), 502, 544, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-a, and New York common law.

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(H), and 157(b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

**Parties and Procedural History**

6. At all relevant times, Agape World, Inc. was a domestic corporation with principal places of business located at 150 Motor Parkway, Suite 106, Hauppauge, New York; 64-13B Grand Avenue, Maspeth, New York; and 82-11 37th Avenue, Suite 602, Jackson Heights, New York.

7. On February 5, 2009 (the "Filing Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against Agape World, Inc., in the United States Bankruptcy Court for the Eastern District of New York.

8. On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

9. On February 12, 2009, this Court granted the Petitioning Creditors' motion and entered an order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the Agape World, Inc. case.

10. On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim

trustee in the Agape World Inc. case, and has since duly qualified as is now the permanent Trustee in the Agape World, Inc. substantively consolidated case.

11. On March 4, 2009, the Court issued an Order for relief in the Agape World, Inc. chapter 7 case.

12. On April 14, 2009, the Court issued an Order substantively consolidating Agape World, Inc., Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC.

13. Upon information and belief, Defendant was and is an individual currently residing at 43 Garfield Place, Massapequa, New York 11758.

**Background Facts Common To All Claims For Relief**

14. Upon information and belief, since at least 1999 Agape was purportedly operating as a bridge lender, whereby investors were advised that Agape provided short-term bridge loans to commercial borrowers in order to generate high rates of return.

15. Prior to the Filing Date, various "brokers" and "sub-brokers" of Agape, recruited third-parties to invest money with the Debtor.

16. Upon information and belief, the Debtor, and the various "brokers" and/or "sub-brokers" offered contracts to various third-parties to induce those third-party "investors" to "invest" in the purported bridge loans.

17. Upon information and belief, pursuant to the terms of the various contracts entered into between the Debtor and the purported investors, those investors were permitted to receive payments from their purported investments in the form of "interest payments" or, alternatively, the purported investors were permitted to "roll-over" their investments to a future bridge loan offered.

18. Upon information and belief, the representations to investors were, in large measure, false.

19. Upon information and belief, rather than utilizing all of the third-party funds to

invest in bridge loans, the majority of the investor funds were, among other things, (i) utilized to pay prior investors their promised rate of interest or to provide a return of their investment, (ii) squandered in connection with undisclosed and unauthorized commodity futures trading, and/or (iii) transferred to Agape's alter-egos or to Defendant himself for his own personal enrichment and to the detriment of Agape's legitimate creditors.

20. Defendant was one such third party, who, pursuant to various contracts with the Debtor, was purportedly entitled to receive payments under the contracts allegedly arising out of Defendant's "investment."

21. Upon information and belief, between February 5, 2003 and the Filing Date, Defendant received transfers from Agape, net after deposits into Agape, in amount to be determined at trial, but, in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) (the "Net Transfers").

22. The Net Transfers were made for no consideration or less than reasonably equivalent value.

23. Agape was either insolvent at the times the Net Transfers were made, or was rendered insolvent as a result of the Net Transfers.

24. At the times the Net Transfers were made, there existed unsecured creditors of Agape who remained unsecured creditors as of the Filing Date.

**First Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

25. The Net Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

26. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an

amount as yet undetermined, but, in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus appropriate interest thereon.

### Second Claim For Relief Against Defendant
**(incorporating all previous allegations)**

27.     Upon information and belief, at the time of the Net Transfers, Agape was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

28.     The Net Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

29.     By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined, but, in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus appropriate interest thereon.

### Third Claim For Relief Against Defendant
**(incorporating all previous allegations)**

30.     Upon information and belief, at the time of the Net Transfers, Agape had incurred, was intending to incur or believed that it would incur debts beyond its ability to pay them as they matured.

31.     The Net Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

32.     By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined, but, in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus appropriate interest thereon.

### Fourth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

33. The Net Transfers were made with the actual intent to hinder, delay or defraud the Agape's creditors.

34. The Net Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

35. Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding the Net Transfers pursuant to New York State Debtor & Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined, but, in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-a.

### Fifth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

36. Certain of the Net Transfers, in an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) were made within two (2) years of the Filing Date (the "Two-Year Net Transfers").

37. The Two-Year Net Transfers were made with actual intent to hinder, delay or defraud Agape's creditors under §548(a)(1)(A) of the Bankruptcy Code.

38. The Two-Year Net Transfers constitute avoidable transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code.

39. Based upon the foregoing, Plaintiff is entitled to a judgment (i) avoiding the Two-Year Net Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551 may recover from Defendant an amount as yet undetermined, but, in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus appropriate interest thereon.

**Sixth Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

40. Agape received less than reasonably equivalent value in exchange for the Two-Year Net Transfers under §548(a)(1)(B) of the Bankruptcy Code.

41. Upon information and belief, Agape (i) was insolvent on the date that the Two-Year Net Transfers were made or became insolvent as a result of the Two-Year Net Transfers, (ii) was engaged in business or a transaction, was about to engage in business or a transaction, for which any property remaining with Agape was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

42. The Two-Year Net Transfers constitute avoidable transfers pursuant to §548(a)(1)(B) of the Bankruptcy Code.

43. Based upon the foregoing, Plaintiff is entitled to a judgment (i) avoiding the Two-Year Net Transfers, and (ii) pursuant to 11 U.S.C. §§550(a) and 551 may recover from Defendant an amount as yet undetermined, but, in no event, less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus appropriate interest thereon.

**Seventh Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

44. The Net Transfers to Defendant were impermissible transfers of Agape's interest in property. As a result, Defendant was the ultimate beneficiary of the Net Transfers under circumstances in which Defendant would be unjustly enriched if he were to retain such Transfers since Agape did not receive reasonably equivalent value therefor.

45. As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Net Transfers.

46. By reason of the foregoing, Defendant is liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined, but, in no event less than

Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83), plus appropriate interest thereon.

### Eighth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

47. Upon information and belief, Defendant has filed or may file a proof of claim against Agape.

48. Defendant is the recipient of the Transfers which constitute avoidable transfers under Bankruptcy Code §§547(b) and 548(a)(1)(B).

49. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Bankruptcy Code §550.

50. Based upon the foregoing, and in accordance with Bankruptcy Code §502(d), any claims filed by Defendant against Agape should be disallowed unless and until Defendant returns the Transfers to the Trustee.

**WHEREFORE**, plaintiff Kenneth P. Silverman, Esq., the chapter 7 Trustee demands judgment:

(a) against Defendant on the Trustee's first claim for relief (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon;

(b) against Defendant on the Trustee's second claim for relief (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon;

(c) against Defendant on the Trustee's third claim for relief (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon; and

(d) against Defendant on the Trustee's fourth claim for relief (a) avoiding the Net Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A;

(e) against Defendant on the Trustee's fifth claim for relief (a) avoiding the Two-Year Net Transfers pursuant to 11 U.S.C. §548(a)(1)(A), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon; and

(f) against Defendant on the Trustee's sixth claim for relief (a) avoiding the Two-Year Net Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon; and

(g) against Defendant on Trustee's seventh claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than Ten Thousand Eight Hundred Fifty-One Dollars And Eighty-Three Cents ($10,851.83) from Defendant plus appropriate interest thereon; and

(h) against the Defendant on the Trustee's eighth claim for relief pursuant to 11 U.S.C. §502(d) disallowing any claim of Defendant against Agape unless and until Defendant returns the Transfers to the Trustee; and

(i) For such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
March 3, 2011

**SILVERMANACAMPORA LLP**
Attorneys for Plaintiff Kenneth P. Silverman, Esq.
the Chapter 7 Trustee

By: s/ Jay S. Hellman
Jay S. Hellman, Esq.
David J. Mahoney, Esq.
Members of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300