| | |
|---|---|
| SILVERMANACAMPORA LLP<br>Attorneys for Kenneth P. Silverman, Esq.<br>Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, NY 11753<br>(516) 479-6300<br>David J. Mahoney, Esq. | Hearing Date: October 29, 2014<br>Time: 10:00 a.m.<br><br>Objections Due: October 22, 2014<br>Time: 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

AGAPE WORLD INC., *et al.*,

                      Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 8-09-70660 (AST)
Substantively Consolidated

### NOTICE OF MOTION UNDER BANKRUPTCY RULE 9019(a) APPROVING THE STIPULATION AND CONSENT ORDER RESOLVING OUTSTANDING OBJECTIONS TO CLAIM NOS. 71, 72, AND 79 ASSERTED BY KENNETH P. SILVERMAN, ESQ., AS CHAPTER 7 TRUSTEE OF AGAPE WORLD, INC., *et al.*, AND PENSON TECHNOLOGIES, LLC, AS SUCCESSOR IN INTEREST TO PENSON FUTURES, PENSON FINANCIAL FUTURES, INC., AND PENSON FINANCIAL SERVICES INC.

**PLEASE TAKE NOTICE**, that upon the annexed application (the "Motion") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") for the substantively consolidated estate of Agape World, Inc., *et al.*, by his counsel, SilvermanAcampora LLP, the Trustee will move before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court, Courtroom 960, Eastern District of New York at Central Islip, 290 Federal Plaza, Central Islip, New York 11722 on **October 29, 2014 at 9:30 a.m.**, for entry of an order substantially similar to that attached as **Exhibit 1**, granting Approving the Stipulation and Consent Order Resolving Outstanding Objections to Claim Nos. 71, 72, and 79 Asserted by Kenneth P. Silverman, Esq., as Chapter 7 Trustee of Agape World, Inc., *et al.*

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion or the proposed Order must be (i) made in writing; (ii) electronically filed with the Bankruptcy Court; (iii) delivered to Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Alfonso M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722; (iv) mailed to

SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: David J. Mahoney, Esq.; and (v) mailed to the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, no later than **October 22, 2014** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE,** that the noticed hearing may be adjourned without any further notice than an announcement in open court.

Dated: Jericho, New York
September 30, 2014

                                                                                      **SILVERMANACAMPORA LLP**
                                                                                      Counsel to Kenneth P. Silverman, Esq., the
                                                                                      Chapter 7 Trustee

                                                     By:    *s/David J. Mahoney*
                                                                        David J. Mahoney
                                                                        Ronald J. Friedman
                                                                        Members of the Firm
                                                                        100 Jericho Quadrangle, Suite 300
                                                                        Jericho, New York  11753
                                                                        (516) 479-6300

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
(516) 479-6300
David J. Mahoney, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

AGAPE WORLD INC., *et al.*,

                         Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 8-09-70660 (AST)
Substantively Consolidated

### THE TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER UNDER BANKRUPTCY RULE 9019(a) APPROVING THE STIPULATION AND CONSENT ORDER RESOLVING OUTSTANDING OBJECTIONS TO CLAIM NOS. 71, 72, AND 79 ASSERTED BY KENNETH P. SILVERMAN, AS CHAPTER 7 TRUSTEE OF AGAPE WORLD, INC., *et al.*, AGAINST PENSON TECHNOLOGIES, LLC, AS SUCCESSOR IN INTEREST TO PENSON FUTURES, PENSON FINANCIAL FUTURES, INC., AND PENSON FINANCIAL SERVICES INC.

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Agape Trustee") of the substantively consolidated estate of Agape World, Inc., *et al.*, by his counsel, SilvermanAcampora LLP (the "Trustee's Counsel"), seeking entry of an Order, annexed hereto as **Exhibit 1**, approving the Stipulation and Consent Order Resolving Outstanding Objections to Claim Nos. 71, 72, and 79 Asserted by Kenneth P. Silverman, Esq., as Chapter 7 Trustee of Agape World, Inc., *et al.*, in the jointly administered liquidation of Penson Worldwide, Inc., *et al.*

### Background

1.    On February 5, 2009 (the "Petition Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against Agape World, Inc. ("AWI") in the United States Bankruptcy Court for the Eastern District of New York.

2.    On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

3. On February 12, 2009, this Court granted the Petitioning Creditors' motion and entered an order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the AWI case.

4. On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim trustee in the AWI case, and has since duly qualified and is now the permanent trustee in the AWI substantively consolidated case.

5. On March 4, 2009, the Court issued an Order for relief in the AWI chapter 7 case.

6. On April 14, 2009, the Court issued an Order substantively consolidating AWI, Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC (collectively with AWI, the "Debtors").

7. The Agape Trustee and his counsel have investigated the financial affairs of the Debtors, including a detailed analysis of the extent and validity of certain transfers made by the Debtors to Penson Futures ("Futures"), Penson Financial Futures Inc. ("PFFI"), and Penson Financial Services Inc. ("PFSI" and collectively, "Penson") within the two (2) years immediately preceding the Petition.

8. The Agape Trustee obtained an Order of the Bankruptcy Court authorizing the examination of Penson pursuant to Bankruptcy Rule 2004. In response to the Bankruptcy Rule 2004 subpoena served by the Agape Trustee, Penson produced documentation related to transfers made to and from the Debtors.

9. In December 2009, the Agape Trustee retained Reid Collins & Tsai LLP and Ruskin Moscou Faltischek P.C. (the "Special Counsel") on a contingent basis to investigate and pursue various claims against Futures Commission Merchants ("FCMs"),[1] including Penson.

---

[1] A Futures Commission Merchant is an entity that solicits or accepts orders for the purchase of any commodity for future delivery and is subject to the rules of an exchange. *In re Co. Petro Marketing Group, Inc.*, 680 F.2d 566, 567–70 (9th Cir. 1982).

Over the course of the ensuing months, Special Counsel conducted extensive and on-going legal research and analysis regarding potential claims against Penson and other FCMs.

10. On or about February 25, 2011, the Agape Trustee filed an adversary proceeding against the Penson in the Eastern District of New York Bankruptcy Court (the "Complaint").

11. In the Complaint, Agape Trustee asserted that after Nicholas Cosmo opened a futures trading account in Agape's name with Penson, Agape transferred $11,658,669.32 (the "Transfers") to Penson. The Trustee argued that those Transfers were avoidable pursuant to 11 U.S.C. §§548 and 550 (the "Adversary Proceeding Claims").[2]

12. Penson moved to dismiss the Complaint on April 27, 2011, arguing that the Complaint failed to state a cause of action. After briefing and oral argument, on July 6, 2011, the Court denied Penson's motion. Thereafter, Penson answered the Complaint, generally denying any liability related to the Adversary Proceeding Claims, and asserted certain affirmative defenses to the Adversary Proceeding Claims, including, *inter alia,* that Penson did not have dominion and control over the Transfers and that Penson acted in good faith and gave fair consideration in exchange for the Transfers and, therefore, the Transfers were not avoidable.

13. In the course of litigating the Adversary Proceeding Claims, Penson and the Agape Trustee exchanged written discovery requests. In response to the Agape Trustee's written discovery, Penson produced documents, including complicated reports of transactions and other account activity. Working with consultants and experts, Special Counsel reviewed and analyzed the documents produced in discovery. Special Counsel also took the depositions of Penson fact witnesses and a Penson corporate representative. After the conclusion of fact discovery, the parties engaged in expert discovery, including the exchange of expert reports and the depositions of experts. Special Counsel invested substantial time and effort in connection

---

[2] The Trustee acknowledges that Agape received transfers back from Penson in the approximate amount of $5.4 Million, resulting in a net loss to Agape of approximately $6.2 Million.

with all of the discovery and communicated and consulted regularly with the Trustee and his counsel regarding the status and strategy of the lawsuit.

14. On or about January 11, 2013, Futures, PFFI, PFSI, and certain of their affiliates filed chapter 11 petitions in the Bankruptcy Court for the District of Delaware (the "Delaware Court"), thereby staying the Adversary Proceeding pursuant to 11 U.S.C. §362. Their cases have at all relevant times been jointly administered under *In re Penson Worldwide, Inc.*, Case No. 13-10061-PJW (the "Penson Liquidation").

15. Thereafter, the Agape Trustee timely filed proofs of claim numbered 71, 72, 79, 82, and 88 (the "Proofs of Claim") against Futures, PFFI, and PFSI in the amount of the Transfers. Thereafter, Proofs of Claim numbered 82 and 88 were disallowed by the Delaware Court.

16. On July 31, 2013, the Delaware Court entered an order confirming the *Fifth Amended Joint Liquidation Plan of Penson Worldwide, Inc., and its Affiliated Debtors* (the "Penson Plan").

17. Pursuant to the Penson Plan, Penson Technologies LLC ("PTL") assumed all of the assets and liabilities of Penson as its successor in interest.

18. PTL has communicated its objections to the remaining Proofs of Claim to the Agape Trustee.

19. In its capacity as successor in interest to Penson, PTL has the authority to enter into a settlement that resolves any objections to the remaining Proofs of Claim.

20. Thereafter, PTL and the Agape Trustee agreed to submit the remaining Proofs of Claim and PTL's objections thereto to non binding mediation before David Geronemus of JAMS.

21. As a result of a successful mediation session and further negotiation thereafter, the parties have agreed to settle PTL's objections to the Proofs of Claim by allowing Proof of Claim number 71 against PFSI as a nonpriority, general unsecured claim in the amount of $815,000 (the "Allowed Claim").

22. For the following reasons, the Agape Trustee submits that agreeing to settle his claims against Penson for the Allowed Claim is fair and reasonable exercise of his business judgment that is ultimately in the best interests of the Agape estate.

A. **Basis for Settlement of the Trustee's Claims Against Penson**

23. The clear purpose of Bankruptcy Rule 9019 is to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court. Bankruptcy Rule 9019(a), which governs the approval of compromises and settlement, provides:

> [o]n motion by the trustee and after notice and hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.[3]

24. In approving a compromise and settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> [e]ducated estimate of the complexity, expense and likely duration of [any] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.[4]

25. In making its determination on the "propriety of the settlement," the Court should consider whether the proposed settlement is in the "best interest of the estate."[5] As stated in

---

[3] *In re Masters, Inc.*, 141 B.R. 13 (Bankr. E.D.N.Y. 1992).

[4] *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425, *reh'g denied*, 391 U.S. 909 (1968). *See In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 628, 611 (Bankr. N.D.Ohio), *aff'd*, 87 B.R. 472 (N.D. Ohio 1987); *Cf. Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("the law favors compromise").

[5] *Handler v. Roth (In re Handler)*, 386 B.R. 411, 420 (Bankr. E.D.N.Y. 2007)(quoting *In re Adelphia Communications Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005)); *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), *aff'd*, 863 F.2d 45 (2d Cir. 1988).

*Arrow Air*, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." *Arrow Air*, 85 B.R. at 891. In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the trustee." *In re Depo*, 77 B.R. at 384 (citations omitted). The bankruptcy court is not required "to decide the numerous questions of law and fact raised by [objectors] . . . . [R]ather [the Court should] canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."[6] In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel." *Bell & Beckwith*, 77 B.R. at 612. *See In re Handler*, 386 B.R. at 421.

26.    The Second Circuit in *In re Iridium Operating LLC*[7] outlined the following seven factors (the "*Iridium* Criteria") to be considered by a court in deciding whether to approve a compromise or settlement:

> i.    the balance between the litigation's possibility of success and the settlement's present and future benefits;
>
> ii.   the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment if the settlement is not approved;
>
> iii.  the paramount interest of the creditors, including the proportion of class members who do not object to or who affirmatively support the settlement;
>
> iv.   whether other parties in interest support the settlement;
>
> v.    the competency and experience of the counsel who support the proposed settlement;
>
> vi.   the relative benefits to be received by individuals or groups within the class; and

---

[6] *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert denied*, 464 U.S. 822 (1983)(quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert denied*, 409 U.S. 1039 (1972)); *See In re Handler*, 386 B.R. at 420-21.

[7] 478 F.3d 452 (2d Cir. 2007).

      vii.    the extent to which the settlement is the product of arm's length bargaining.

See In re Iridium Operating LLC, 478 F.3d at 462.

27.    The settlement set forth in the Stipulation satisfies each *Iridium* Criteria. The Agape Trustee has determined that, following an analysis of the Debtors' transactions and extensive settlement negotiations with Penson and PTL, it is too speculative to presume that either (i) obtaining relief from the automatic stay in the Penson Liquidation, prosecuting the Claims; and enforcing the resulting judgments; or alternatively (ii) litigating PTL's objections to the Proofs of Claim before the Delaware Court would result in a benefit to the estate in excess of the Allowed Claim.

28.    If the Agape Trustee had rejected PTL's offer of the Allowed Claim, the Debtors' estate would necessarily be subject to the uncertainty and delay associated with either (i) obtaining relief from the automatic stay in the Penson Liquidation and subsequently litigating the Claims through trial and judgment enforcement against an illiquid entity, or (ii) litigating PTL's objections to the Proofs of Claim in the Futures, PFFI, and PFSI cases. Ultimately, the Agape Trustee could have been successful in litigating the merits of the Futures and PFFI Proofs of Claim (as the direct recipients of the Transfers) and been shut out of the only administratively solvent estate, that of PFSI.[8] Based upon his review of the documents produced, and his consideration of the arguments in conjunction with the parties' settlement negotiations, and after extensive consultation with Special Counsel, the Agape Trustee believes that the best interests of the estate are served by settling the Claims for the Allowed Claim.

29.    Settling the Claims under the terms of the Stipulation is expected to render a meaningful distribution on the Allowed Claim to the Debtors' estate, in an amount greater than may have been accomplished or possible if the Agape Trustee litigated the Adversary Proceeding to final judgment or successfully defended the his Proofs of Claim in only the

---

[8] It is believed that prior to the commencement of the Penson Liquidation, Futures and PFFI transferred most of their assets to PFSI.

Futures and PFFI cases.

30. Although the Agape Trustee and Special Counsel concluded that the dominion and control issue, if litigated, was likely to be determined in favor of the Agape Trustee, such litigation comes with inherent risks. The claims and defenses raised in the Penson Adversary Proceeding are complex. The arguments advanced by PTL were the same arguments asserted by Penson in its motion to dismiss, which the Court had said Penson could renew at the summary judgment stage. Dominion and control, in the context of the Claims, is a mixed question of law and fact and even though the Agape Trustee and Special Counsel believe the case law favors the Agape Trustee, the outcome of the issue at summary judgment or trial is uncertain.

31. Moreover, the Agape Trustee does not anticipate that any of the Debtors' creditors will object to the Stipulation.

32. Finally, the Agape Trustee and PTL are represented by counsel, and the Stipulation is the product of arm's length bargaining.

33. Thus, after considering standards governing Bankruptcy Rule 9019, the case law cited above, and the evidence supporting Penson's defenses, the Agape Trustee, in his business judgment, believes that settling the Claims for the Allowed Claim is fair and equitable, and in the best interests of the Debtors' estate and creditors. Accordingly, the Agape Trustee respectfully requests that the Court enter an order approving the Stipulation.

34. For a more comprehensive explanation of the terms and conditions of the proposed settlement, all interested parties are encouraged to review the Stipulation annexed hereto as **Exhibit 2**.

## NOTICE OF THE MOTION

35. The Agape Trustee has served the Notice of Hearing, proposed Order, and Motion in support with Exhibit upon: (i) the Office of the United States Trustee; (ii) Nicholas Cosmo, former principal of the Debtors, (iii) counsel to PTL (iv) the appropriate taxing

authorities, and (v) all parties having filed a Notice of Appearance in this case, and copies have been posted on the Agape Trustee's website located at www.agapeworldbankruptcy.com. The Trustee respectfully represents that service complies with this Court's Order Establishing Noticing Procedures entered on July 8, 2009.

36. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Agape Trustee respectfully requests that this Court enter an Order approving the Stipulation and Consent Order Resolving Outstanding Objections to Claim Nos. 71, 72, and 79 Asserted by Kenneth P. Silverman, Esq., as Chapter 7 Trustee of Agape World, Inc., *et al.*, in the Penson Liquidation and granting related relief as this Court deems just and proper.

Dated: New York, New York
       September 30, 2014

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
  Chapter 7 Trustee

By: *s/David J. Mahoney*
    David J. Mahoney
    A Member of the Firm
    100 Jericho Quadrangle, Suite 300
    Jericho, NY 11753
    (516) 479-6300